■ In the Matter of CAROLYN JONES et al., Appellants, v PHILIP TOIA, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated October 25, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to deny the petitioners' application for public assistance in the category of aid to families with dependent children, the appeal is from a judgment of the Supreme Court, Westchester County, entered January 25, 1977, which, *inter alia,* denied the application and dismissed the petition. Judgment affirmed, without costs or disbursements. The adult petitioner has caused her disqualification for unemployment insurance benefits by continuing her enrollment in a college program which was unauthorized by the State Department of Labor. She has thereby disregarded a potential resource of which she should have availed herself before seeking public assistance. At Special Term the adult petitioner waived any question of whether any substantial evidence existed for the determination made by respondents, thus precluding this court from considering any factual basis for the "emergency" relief claimed by her. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.

■ In the Matter of THE PUBLIC OFFICIAL NAMED IN THE REPORT No. 9, SUBMITTED TO THE COURT BY PANEL No. 1 OF THE GRAND JURY OF THE EXTRAORDINARY SPECIAL AND TRIAL TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK, Appellant, v ALFRED J. SCOTTI, as Special Deputy Attorney-General, State Special Prosecutor for Suffolk County, Respondent. —Appeal by the public official named in Report No. 9 of Grand Jury No. 1 for the Extraordinary Special and Trial Term of the Supreme Court, Suffolk County, from an order of the said court, dated November 30, 1976, which accepted Report No. 9, concerning alleged misconduct, nonfeasance or neglect in office by a public servant, pursuant to CPL 190.85 (subds 2, 3), without, however, directing its filing as a public record. Order modified, on the law, by deleting therefrom the provision that Report No. 9 not be filed as a public record, or be subject to subpoena or otherwise made public, and substituting therefor a provision that the said report he accepted and filed as a public record. As so modified, order affirmed, without costs or disbursements (see CPL 190.85, subd 2). Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.

■ In the Matter of THE PUBLIC OFFICIAL NAMED IN THE REPORT No. 4, SUBMITTED TO THE COURT BY PANEL No. 1 OF THE GRAND JURY OF THE EXTRAORDINARY SPECIAL AND TRIAL TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK, Appellant, v ALFRED J. SCOTTI, as Special Deputy Attorney-General, State Special Prosecutor for Suffolk County, Respondent. —Appeal by the public official named in Report No. 4 of Grand Jury No. 1 for the Extraordinary Special and Trial term of the Supreme Court, Suffolk County, from an order of the said court, dated January 26, 1977, which accepted Report No. 4, concerning alleged misconduct, nonfeasance or neglect in office by a public servant, pursuant to CPL 190.85 (subds 2, 3) without, however, directing its filing as a public record. Order modified, on the law, by deleting therefrom the provision that Report No. 4 not be filed